*926 OPINION.
Sternhagen:
The respondent determined deficiencies for 1909, 1912, 1913, and 1915 which the petition attempts to attack. They are not within the Board’s jurisdiction. David B. Mills, 1 B. T. A. 199; Herald-Despatch Co., 4 B. T. A. 1096; Navarro Lumber Co., 10 B. T. A. 690; Lancaster Lens Co., 10 B. T. A. 1153. For 1917 respondent has determined an overassessment and the Board has no jurisdiction. Cornelius Cotton Mills, 4 B. T. A. 255; I. M. Cowell, 18 B. T. A. 997. No deficiency has been determined for 1921.
Except for the evidence in respect of the statute of limitations, all of which was undisputed, the evidence consists entirely of the testimony and accompanying exhibits of two witnesses taken by deposition. In respect of the value on March 1,1913, and the probable useful life of petitioner’s property, the testimony upon which petitioner attempts to prove that the ultimate facts support a lower profit or a more favorable allowance for depreciation and obsolescence consists of the simple statement of the opinions of the petitioner’s president and superintendent. The facts and circumstances are non constat those upon which respondent based his official determination, and within his consideration in modifying the profit or the deductions claimed on the sworn return. The sworn categorical opinion of the taxpayer corporation’s officers is, standing alone, not *927 sufficient to prove that the value and useful life are different from those determined by respondent, and after considering all the evidence we have left such determinations of fact undisturbed. The Congueror, 166 U. S. 110; Bogle & Co. v. Commissioner, 26 Fed. (2d) 771; Balaban & Katz Corporation v. Commissioner, 30 Fed. (2d) 807; Woodside Cotton Mills, 13 B. T. A. 266; Pittsburgh Hotels Co., 15 B. T. A. 587. If it be true that respondent has used book values and that the books are not historically accurate to show factors of cost, it is still not enough that petitioner thus indicate a weakness in respondent’s method of determining the profit or the allowance for depreciation and obsolescence. It must prove affirmatively the correct ultimate facts which require the profit or allowance claimed. See Jacob F. Brown, 18 B. T. A. 859. The respondent’s determinations as to value on March 1, 1913, profit, and depreciation and obsolescence are sustained.
The evidence does not support any deduction by the taxpayer in respect of the two patents referred to in the findings. There was no obligation to pay for the use of the patents and no such payments were made. The further claim to a deduction for exhaustion of the patents is not sustained because the patents were not owned by the corporation.
The expiration of the statutory period of limitation is sought to be founded upon the fact that the waivers were signed not by the Commissioner himself, but by a subordinate acting by virtue of his delegation, and that since such authority could not be lawfully delegated, the waivers are void. The waivers were good, and the deficiencies are not outlawed. National Water Main Cleaning Co., 16 B. T. A. 223.
The respondent computed petitioner’s tax for 1918 by the comparative method of section 328, Revenue Act of 1918, and found that it yielded no relief from the tax under section 301. For the remaining years of the profits tax, respondent found no ground for such special assessment. The evidence does not, in our opinion, sufficiently bring the case within section 327 to require special assessment for any year.
The remaining assignments of error fall with one or more of the foregoing points.

Judgment will be entered for the.respondent.