## ELMORE MILLING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46768, 52972. Promulgated November 16, 1932.

*William Cogger, Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

OPINION.

BLACK: At the hearing of these proceedings, the parties entered into a stipulation by which it was agreed that the net income of petitioner for 1927, as shown by the deficiency notice, should be reduced $4,793.94 on account of certain repair expenses incurred by petitioner in that year, and that the net income of petitioner for 1928, as shown by the deficiency notice, should be increased by the sum of $1,049.84, being an adjustment made necessary by the allowance of $4,793.94 deduction from 1927 income. Effect should be given to this stipulation in a redetermination of the deficiencies.

The remaining issues for our determination are: 1. Did the Commissioner err in disallowing as deductions for the years 1927 and 1928 alleged depreciation in the amounts of $17,585.76, and $13,341.13, respectively, or any part thereof? 2. Did the Commissioner err in not allowing additional depreciation on machinery and construction used in petitioner's power plant for both 1927 and 1928? 3. Did the Commissioner err in not allowing alleged losses in the aggregate amount of $71,019.08 for the year 1928? We will discuss these issues in their order.

1. On its income tax return for the year 1927 petitioner claimed depreciation of $30,710.15. Of this amount respondent allowed $13,-124.39 and disallowed $17,585.76. On its income tax return for the year 1928, petitioner claimed depreciation of $28,024.71. Of this amount respondent allowed $14,683.58 and disallowed $13,341.13. Petitioner in his petition assigned as error this action of the Commissioner, but at the hearing offered no evidence showing or tending to show that the base or rates used, or the amounts of depreciation determined and allowed by the Commissioner for either of the years 1927 or 1928 on the property claimed by petitioner, were wrong

and, if so, what the correct base, rates and amounts should be. Therefore, the amounts determined and allowed by the Commissioner are presumed to be correct and should stand. *Botany Worsted Mills* v. *United States,* 278 U. S. 282; *Reinecke* v. *Spalding,* 280 U. S. 227.

2. and 3. But petitioner claims that it is entitled to additional depreciation other than that claimed in its returns filed for 1927 and 1928 on property which was used in its business during the tax years, but which was not carried as assets on its books, but was acquired by it from its predecessor, the partnership of Elmore Milling Company, and which was owned by said partnership on March 1, 1913, and had the value and remaining useful life on March 1, 1913, which we have found in our findings of fact. Before we discuss this contention of petitioner we must determine a very important factor in this case.

Petitioner is only entitled to use the basis of cost (in this instance March 1, 1913, value) of its predecessor partnership, Elmore Milling Company, upon a showing that the transfer of assets from the partnership to the corporation, which took place January 2, 1926, was a nontaxable transaction under the Revenue Act of 1926. The same situation exists as to the losses claimed on bad debts transferred by the partnership to the corporation on that date. Petitioner has not shown the cost of the property in question to it at the time the partnership transferred it to the corporation, but has confined itself to showing the March 1, 1913, value of certain physical assets owned by the partnership on March 1, 1913, and the amounts of money advanced by the partnership on the several accounts on which losses are claimed. This is all well enough in the event petitioner is entitled to take the same basis of cost or March 1, 1913, value that its predecessor partnership would be entitled to take, were it before us. In such a case we have sufficient evidence before us to determine the depreciation deduction to which petitioner is entitled on the additional assets now being discussed and to determine the losses incurred by petitioner by reason of the bad debts charged off in 1928.

But if petitioner is not entitled to take the same basis of cost or March 1, 1913, value that the predecessor partnership was entitled to take, then we must disallow petitioner any depreciation on the particular assets in question, because it has failed to offer any evidence as to the cost of such depreciable assets to petitioner, and we must also disallow the loss claimed on the bad debts in question to the extent of the amounts due at the time the debts were transferred to the corporation by the partnership, because petitioner has not offered any evidence of cost to the corporation of these debts at the time they were transferred to it by the partnership. It is the general rule under the Revenue Act of 1926 that the basis of deprecia-

tion on assets acquired by a taxpayer after March 1, 1913, is cost. Likewise, the basis for loss on accounts and notes receivable and investments acquired after March 1, 1913, sold or otherwise disposed of, is cost. There are certain exceptions to this general rule. These exceptions are contained in sections 203 and 204 of the Revenue Act of 1926.

If the facts in the instant case present an exception to the general rule above stated, it is because the transfer from the partnership to the corporation, which took place January 2, 1926, falls within the provisions of section 203 (b) (4) of the Revenue Act of 1926, which reads:

No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control of the corporation; *but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.* [Italics supplied.]

If the foregoing section of the 1926 Act, as applied to the facts of the instant case, gives an exception from the ordinary rule governing the recognition of gain or loss, then petitioner is entitled to use the transferor's basis of cost or March 1, 1913, value in 1927 and 1928 in determining depreciation and losses, because section 204 (a) (8) of the Revenue Act of 1926 reads:

If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 * * *, then the basis shall be the same as it would be in the hands of the transferor * * *.

To the same effect is section 113 (a) (8) of the Revenue Act of 1928, which, of course, governs the taxable year 1928.

It will be noted that there is a provision in section 203 (a) (4) which says that the paragraph shall apply only in the event that the amount of the stock and securities received by each of the transferors is substantially in proportion to his interest in the property prior to the exchange. The transferors of the property in the instant case were the three partners of the Elmore Milling Company, viz., Edwin W. Elmore, Florence C. Elmore and Earl P. Elmore. Each of these transferors did not receive an amount of stock in the newly organized corporation, Elmore Milling Company, Inc., substantially in proportion to his interest in the property prior to the exchange. The evidence shows that 4,495 shares of stock were issued to Edwin W. Elmore, 500 shares to Earl P. Elmore, and 5 shares to Harry M. Goldsmith (not a partner). No shares of stock were issued to Florence P. Elmore, one of the partners making the transfer. Hence, we hold that petitioner has failed to prove that the

transfer of assets from the partnership to the corporation on January 2, 1926, was a nontaxable transaction under the quoted provision of the Revenue Act of 1926. This being true, it follows that petitioner is not entitled to take transferor's basis of cost for purposes of determining depreciation and the calculation of losses for the years 1927 and 1928 under the provisions of sections 204 (a) (8) of the Revenue Act of 1926 and 113 (a) (8) of the Revenue Act of 1928. If petitioner is not entitled to take depreciation and to calculate losses on the basis of cost to its transferor, the partnership, then the only basis on which these can be allowed is that of cost to petitioner. We have no evidence on that point.

When debts are acquired by one person from another and subsequently have to be charged off as worthless, the basis is not the amount of the debts, but their cost to the taxpayer, and, there being no proof of such cost, no deduction, either as a loss or a bad debt, can be allowed. *O. N. Townsend*, 13 B. T. A. 386; *Skinner* v. *Eaton*, 34 Fed. (2d) 576; *Ayer* v. *Blair*, 26 Fed. (2d) 547.

We, therefore, hold that petitioner has failed to show itself entitled to take the additional depreciation claimed by it on certain depreciable assets owned by its predecessor at March 1, 1913, and to show itself entitled to take as losses or bad debt deductions the accounts hereinbefore referred to, to the extent of the amounts that existed at the time they were transferred to petitioner on January 2, 1926.

To the extent that said accounts were increased by additional advancements made by petitioner, after it acquired them, the situation is different. The cost of these advancements would be the additional amount of money which petitioner expended, and we have evidence as to these amounts. Petitioner advanced on the G. H. Elmore personal account, after the transfer, $1,560; on the E. W. Rucker special account, $4,261.18; and on the Oneonta Storage Battery Co. investment account, $840.45. We will now take up these accounts and rule on them separately.

The account carried as G. H. Elmore, personal, represented advancements made to G. H. Elmore with reasonable expectation that he would be able to repay same. A letter received from him in 1928 by petitioner was introduced in evidence, which shows that he recognized and admitted the validity of the debt and was making bona fide efforts to pay it. Petitioner's officers were in constant touch with the situation and had hopes of the ultimate success of G. H. Elmore's inventions, and did not lose such hopes until his breakdown in health in 1928, and his cessation from business activities, when they determined that the account was worthless and charged it off. To the extent of $1,560, this bad debt deduction should be allowed. *Jones* v. *Commissioner*, 38 Fed. (2d) 550.

What we have said above concerning the G. H. Elmore personal account largely applies to the E. W. Rucker special account. When Rucker quit the employment of Elmore Milling Company in 1924, he went with G. H. Elmore in the marketing of his various inventions and continued with him through the taxable years. As long as G. H. Elmore was in good health and active, there seemed to be some prospect that E. W. Rucker would be able to pay. True, E. W. Rucker was the son-in-law of E. W. Elmore, president of petitioner, and the brother-in-law of Earl P. Elmore, vice president of petitioner, and family transactions of this kind should be carefully scrutinized. That has been done in this case and we think the evidence is sufficient to show that these advances made to Rucker were not gifts, but loans, and that up until 1928, there was an expectation on the part of petitioner that it would be repaid these loans. We hold that the evidence is sufficient to show that petitioner ascertained that its E. W. Rucker special account was worthless in 1928, and that it charged the account off its books in that year. To the extent that the E. W. Rucker special account represented advances made to Rucker since petitioner began business in 1926, the deduction should be allowed. This deduction we find to be $4,261.18. *Gross R. Scruggs*, 24 B. T. A. 1174.

The Oneonta Storage Battery Company account represented loans for business purposes and did not represent gifts. E. W. Elmore was largely interested in it as a stockholder, as was petitioner, and the account represents an effort on their part to make the company and their stock investment a financial success, and their hopes in that regard were not abandoned until the company went into bankruptcy in 1928, in which year the account was charged off.

In *Wheeler-Fisher Co.* v. *Commissioner*, 54 Fed. (2d) 294, it was held that where during the taxable year there has been an identifiable event, such as bankruptcy, fixing the loss, the taxpayer is entitled to take the loss in that year. We hold that petitioner is entitled to a loss on the Oneonta Storage Battery Company investment account to the extent of $840.45 in 1928.

Reviewed by the Board.

*Decision will be entered under Rule 50.*