LONG ISLAND DRUG CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 75225, 79616. Promulgated January 21, 1937.

*Morris Rosenstrauch*, *C. P. A.*, for the petitioner.
*G. W. Brooks*, *Esq.*, for the respondent.

**332**

OPINION.

HARRON: *Issue 1.*—The petitioner contends that the total salaries paid to the four officers were reasonable and deductible as ordinary and necessary expenses. The respondent contends that only the fixed annual salaries are deductible and that the contingent compensation was not payment for services rendered, but represents a distribution of profits and is not ordinary and necessary expense within the meaning of the applicable provisions of the statutes.

To determine whether salaries or other compensation are reasonable so as to be deductible from gross income as a business expense requires that the petitioner prove that the total amount claimed is reasonable payment for services rendered. The fact that the directors or stockholders have approved the entire amount claimed or that an agreement to pay these amounts is set forth in a contract or in the bylaws of the petitioner does not make the amounts paid

ordinary and necessary expenses of business under the income tax laws. See *Samuel Heath Co.* v. *United States*, 2 Fed. Supp. 637; *L. Schepp Co.*, 25 B. T. A. 419.

Section 23 (a) of the Revenue Acts of 1928 and 1932 includes in deductible business expense "a reasonable allowance for salaries or other compensation for personal services actually rendered." A business concern may make payment for services in diverse ways—by a fixed annual salary; by a flat salary plus commissions; by a salary plus a bonus; by a salary plus a share in net earnings. Compensation paid by any of these methods is a deductible expense if reasonable and for services rendered. It is a corollary of this rule that when net earnings are paid to employees as compensation it must be shown that the amount paid out of net earnings is directly related to services performed so as to be earned.

There is no question here regarding the reasonableness and deductibility of the fixed annual salaries. The question is narrowed to whether payment of 12½ percent of net earnings to each of four executive officers, a total of 50 percent of net earnings, was also reasonable compensation for services rendered, and the burden of proof is on the petitioner to show that it was. A review of the evidence fails to show that the services of each officer were worth 12½ percent of net earnings, or more or less. Excepting that all four devoted all of their time to petitioner's business, there is no evidence to show that they separately performed such services as to have earned the share in net earnings allocated, even though each of the officers had distinct duties and some were in charge of distinct divisions of the business. A comparison of the facts in this proceeding with those in the case of *Gray & Co.* v. *United States*, 35 Fed. (2d) 968, is not favorable to petitioner's contention, although petitioner relies largely on the decision therein. There the officers received shares in net profits ranging from 60 percent to 5 percent *after* a dividend of 7 percent per annum was paid to all stockholders, which indicates that the shares in net earnings bore some relation to the value of services rendered by each officer. There also the fund of "net earnings" available for additional compensation to officers did not exist until a return on outstanding stock had been paid, which is not the case in the instant proceedings. The petitioner agreed to pay its officers 50 percent of net earnings each year without giving consideration to the effect of this on the ability of the corporation to pay earnings on capital invested in the business. Petitioner has never paid a cash dividend. In the taxable years in question net earnings left after paying salaries would have enabled payment on capital invested in the business of 9 percent in 1931 but less than 3 percent in both 1932 and 1933. While the relation of compensation to net income is not the only test of reasonableness, it is important where a corporation

has failed to pay dividends and appears to fail to consider the effect of paying fixed percentages of net income to its officers who are stockholders upon its ability to make a return on investment.

The determination of whether compensation paid is a reasonable and ordinary business expense for purposes of computing net income under the income tax laws is dependent upon the facts in each proceeding. Out of many determinations of such issues tests emerge which may be applied, yet their application to given sets of facts is difficult. Petitioner has stressed the argument that high percentages of net income have been allowed as reasonable compensation as a part of the ordinary and reasonable expenses of operating corporations. The relation of compensation to net income is only one of the tests of reasonableness. Many other factors are determinative of reasonableness and each case is dependent upon its particular set of facts. There are cases where salaries, or other compensation, which have been held reasonable have represented a high percentage of net earnings, but all of the facts supporting reasonableness must be considered and such results as petitioner refers to have been, rather, the fortuitous results of all factors involved. "The question of reasonableness of salaries must be determined with reference to volume of business, the profits made, the character of the services for which compensation was paid, and all other pertinent facts shown." *New York Talking Machine Co.*, 13 B. T. A. 154, 161.

Looking at the total compensation paid each officer, comprising both salary and a fixed percentage of net earnings, we fail to find satisfactory proof that the amounts paid were reasonable and not more than reasonable. Opinions of witnesses as to the reasonableness of amounts paid by petitioner were not supported by facts showing what other concerns in the same business with corresponding gross income pay for services similar to those rendered by petitioner's executive officers. Petitioner having failed to sustain the burden of proof to show that respondent's determination was erroneous with respect to reasonable compensation, it is held that the amounts paid out of net earnings are not deductible as ordinary and necessary business expense.

It is not necessary to determine that the amounts paid out of net earnings were a distribution to the three stockholders in the nature of dividends, but it is pointed out that whether such distributions are in proportion to stockholdings is not necessarily determinative of such result. "By unanimous agreement among the stockholders of a corporation, the profits may be divided and distributed other than ratably according to stockholdings", see *Joseph Goodnow & Co.*, 5 B. T. A. 1154, 1158, and 6 Fletcher on Corporations, 6114, sec. 3674.

*Issue 2.*—With respect to the question whether respondent erred in partially disallowing the total amounts claimed by petitioner for

depreciation of various types of property—a building, a sprinkler system, and various kinds of automobiles—the issues arise out of the fact that petitioner and respondent used different bases and different rates of depreciation. The burden of proof was on the petitioner to show that the bases and rates used by respondent were wrong. Articles 204, 205, and 591 of Regulations 77 make it clear that in general the cost of the property is the basis, and the useful life of the property must be estimated to provide the rate of depreciation. And yet petitioner did not introduce evidence other than the opinion of an officer of the corporation to provide the elements for affirmatively showing what the bases and rates should be, or that the bases and rates used by respondent were wrong. In the absence of necessary proof to the contrary the bases and rates used by respondent are presumed to be correct, and his determination is sustained. *Uncasville Manufacturing Co.*, 19 B. T. A. 920; affirmed in *Uncasville Manufacturing Co.* v. *Commissioner*, 55 Fed. (2d) 893; *Elmore Milling Co.*, 27 B. T. A. 84; affirmed in *Elmore Milling Co.* v. *Commissioner*, 70 Fed. (2d) 736.

*Decision will be entered for the respondent.*