Philip C. Hughes and Marie A. Hughes v. Commissioner.
Hughes v. Commissioner
Docket No. 25313.
United States Tax Court
1951 Tax Ct. Memo LEXIS 305; 10 T.C.M. (CCH) 204; T.C.M. (RIA) 51062; March 7, 1951
*305 Philip C. Hughes, pro se. Joseph F. Rogers, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves an income tax deficiency of $286.69 for the taxable year 1947. The issue presented for our decision is whether petitioners are entitled to a deduction of $1,500 in 1947 for a bad debt loss. Findings of Fact Petitioners Philip C. Hughes and Marie A. Hughes are husband and wife residing in Brooklyn, New York. They filed a joint income tax return for the calendar year 1947 with the collector of internal revenue for the second district of New York. In the return Philip C. Hughes, hereinafter referred to as the petitioner, listed his occupation as "Surveyor." In 1928 and 1929 the sister of petitioner Philip Hughes, Lillian V. Hughes, made two loans of $1,500 each to a neighbor and friend, Alice M. Horning. The purpose of the loans was to enable Mrs. Horning to pay insurance premiums on a garage located in Brooklyn. At the time the loans were made, Lillian Hughes did not request, nor did she receive, any security or any paper to evidence the debts. However, on May 28, 1930, Mrs. Horning, to secure this indebtedness, executed *306 a second mortgage for $3,000 face value on her residence, No. 7711 Ridge Boulevard, Brooklyn, New York. This property was already subject to a first mortgage for $6,000, and interest, held by the Orphans Asylum Society of the City of Brooklyn, New York. On November 28, 1930, Lillian Hughes, died leaving a will which was probated December 26, 1930, in Surrogate's Court, Kings County, New York. The will contained the following clause transferring the second mortgage to petitioner Philip Hughes: "Article Second. I give and bequeath all my right, title and interest in and to a certain mortgage in the sum of Three thousand ($3000) dollars, held by me on premises No. 7711 Ridge Boulevard, Brooklyn, New York, to my brother, Philip C. Hughes, to and for his own use, his heirs and assigns, absolutely and forever." In 1932 Mrs. Horning lost the garage and moved from her Brooklyn residence to New Jersey. Later petitioner had the residence property surveyed and found that because of interest charges, taxes, and water rates, it would not be advisable to undertake to collect on the mortgage. In 1936 the first mortgage was foreclosed, after prior notice to petitioner. Petitioner saw Mrs. *307 Horning in 1947 and asked her about payment of the second mortgage which he then held. Later he wrote several letters to her at her home. Her daughter finally told petitioner, on the telephone, that her mother did not intend to pay the debt and the petitioner took no further steps to collect it. In their 1947 income tax return petitioners claimed one-half of the face value of the indebtedness, $1,500, as a bad debt deduction. The respondent disallowed the deduction. Opinion LEMIRE, Judge: The issue presented for our decision is whether the petitioners are entitled to a nonbusiness bad debt loss deduction of $1,500. The petitioners have not established that the indebtedness in question became wholly worthless in 1947, as required by sections 23 (k) (1) and 23 (k) (4), Internal Revenue Code. See also Reg. 111, sec. 29.23 (k)-6. The evidence does not show, in fact, that it became worthless to any extent in 1947. Petitioners contend that the debt became worthless in 1947 because at that time the debtor refused to pay. A mere refusal of a debtor to pay a debt does not warrant its deduction as a bad debt loss. Cf. John L. Seymour, 14 T.C. 1111.
*308 Furthermore, petitioners did not establish a fair market value for the mortgage or debt in 1930, the year of acquisition, and it is therefore impossible to determine the amount of loss, if any, which petitioners may have sustained. Sec. 113 (a) (5), I.R.C. Cf. Elmore Milling Co., 27 B.T.A. 84 (1932), affd., 70 Fed. (2d) 736. We conclude, therefore, that the determination of the respondent must be sustained. Decision will be entered for the respondent.